IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIWANN MATHIS and MARKETA MATHIS,<br><br>Plaintiffs,<br><br>v.<br><br>FRIERE CHARTER SCHOOL,<br><br>Defendant. | Civil Action No. 25-805-CFC |

# MEMORANDUM ORDER

Pro se Plaintiffs DiWann Mathis and Marketa Mathis alleged in this lawsuit that Defendant Friere Charter School (Friere) violated the McKinney-Vento Homeless Assistance Act. I granted Friere's motion to dismiss the case with prejudice and ordered the Clerk of Court to close the case in December 2025. D.I. 37. Pending before me is Friere's Emergency Motion for Sanctions Against Plaintiffs. D.I. 51. In response to the motion, the Mathises filed a twenty-three-page document titled "Motion to Strike Defendant's Motion for Sanctions (D.I. 51) for Failure to Comply with Rule 11(c)(2), Lack of Service, and Lack of Jurisdiction; Request for Evidentiary Hearing; Request for Sanctions Against Counsel; and Notice of Pending Third Circuit Writ Petition" (the omnibus motion). D.I. 53. Like the dozens of other filings the Mathises have made in this case, the

omnibus motion appears on its face to be the product of an artificial intelligence engine and is replete with baseless accusations and legal argument. The omnibus motion confirms the justness of Friere's motion. The Mathises must be sanctioned.

I.

The Mathises filed this suit on July 1, 2025. D.I. 1. On December 1, 2025, the Mathises sued Friere and Friere's counsel in this case in the Eastern District of Pennsylvania. *Mathis v. Fr[ie]re Schools*, No. 2:25-cv-06789 (E.D. Pa. Dec. 1, 2025) (the Pennsylvania case). On December 5, 2025, the Mathises sued Friere and various Friere representatives (but not Friere's counsel in this case) in the Middle District of Florida. No. 25-cv-03334 (M.D. Fla. Dec. 5, 2025) (the Florida case). The Mathises alleged in the Pennsylvania and Florida cases the same conduct alleged in this case.

On December 22, 2025, I granted Friere's motion to dismiss the case with prejudice and ordered the Clerk of Court to close the case. D.I. 36; D.I. 37; D.I. 38.

On January 5, 2026, the Mathises filed three motions: (1) Motion for Findings or Statement of Reasons in Support of Denial of Relief, D.I. 39; (2) Motion to Alter or Amend D.I. 36 Memorandum Opinion, D.I. 40; (3) Motion to Disqualify or, in the Alternative, for Recusal of the Honorable Colm F. Connolly, D.I. 41. The next day, the Mathises filed a pleading titled "Exhibit I in

support of Motion to Amend/Correct [D.I.] 36 Memorandum Opinion." D.I. 42. On January 8, 2026, the Mathises filed a Notice of Appeal with the Third Circuit. D.I. 43.

On January 29, the Mathises filed a Notice of Intent to Supplement the Record for Appellate Review. D.I. 49. That same day, the Mathises filed a pleading titled "Notice of Withdrawal of Pending Post-Judgment Motions." D.I. 50. The Mathises stated in this notice that they were withdrawing their then-three pending motions because, among other reasons, they had added Friere's counsel and her law firm as defendants in a Second Amended Complaint the Mathises had filed in the Florida case that, in the Mathises's words, "aris[es] from the same nucleus of operative facts as this case." D.I. 50 at 2.

On January 29, Friere filed the sanctions motion now before me. Later that day, I issued an Order that stated that Friere "need not respond to [the Mathises's] filings in this action or any other action in this Court unless and until directed to do so by the Court" because the Mathises "have inundated the Court with frivolous and vexatious filings against [Friere]." D.I. 52.

On February 13, the Mathises filed the omnibus motion.

On May 28, 2026, the Third Circuit dismissed the Mathises's appeal of my December 22, 2025 Order "for failure to timely prosecute insofar as [the Mathises] failed to file a brief and appendix as directed." D.I. 54.

On June 23, 2026, the Court in the Middle District of Florida dismissed the Florida case with prejudice. In doing so, the Court "WARNED [the Mathises] that any further vexatious filing in this action may be REPORTED to the United States District Court for the District of Delaware for consideration in connection with the sanctions motion pending against the [Mathises] in that court [(i.e., the motion pending before me)] and might result in a sanction in this court as well." No. 25-3334, D.I. 64 at 7. Notwithstanding this warning, the Mathises filed in the Florida case what the Court called "a tedious, frivolous, and vexatious motion (D.I. 70) for 'relief from judgment,' which re-asserts the [Mathises'] entirely baseless and implausible claims against defendants, whom the [Mathises] have repeatedly forced to litigate in three states." No. 25-3334, D.I. 79 at 1. On July 9, the Middle District Court denied that motion. In its July 9 Order, the Court also denied the Mathises's motions for leave to appeal *in forma pauperis* and certified that the appeal was not taken in good faith "[f]or the same reason [the Court denied the motion for relief from judgment as frivolous and vexatious] and for the reasons stated by the United States District Court for the District of Delaware, the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and the defendants in their briefs throughout the iterations of this action in this and the above-mentioned forums[.]" No. 25-3334, D.I. 79 at 1. The Court concluded its July 9 Order as follows:

> The [Mathises] are WARNED that any additional filing in this action might result in an order to SHOW CAUSE why a sanction should not issue, including but not limited to a monetary penalty, a declaration that the plaintiffs are vexatious litigants, and an injunction barring the plaintiffs from filing, pro se, any action related to the school's inability to provide remote learning or the supposed "falsification of records."

No. 25-3334, D.I. 79 at 2.

The same day the Court issued the July 9 Order in the Florida case, the Mathises filed in this case a "Motion under Rule 60(b)(4) to Declare the December 22, 2025 Orders Void for Lack of Jurisdiction." D.I. 55. Less than two weeks later, on July 22, 2026, the Mathises filed in this case a motion titled "Movants Motion under Rule 60(b)(6)." D.I. 57. On July 27, 2026, the Mathises filed a "Notice Regarding the Pending Motions and request for Decision on the Record." D.I. 58. That same day, the Mathises filed a "Notice of Supplemental Authority in Connection with the Pending Rule 60(b)(4) Motion." D.I. 59.

On August 6, the Mathises filed a new lawsuit against Friere in this Court based on the same conduct they alleged in this case. *Mathis v. Friere Charter School*, Civ. Action No. 26-1009 (D. Del. August 6, 2026). As in this case, the Mathises have asked for leave to proceed *in forma pauperis* in that case.

In sum, the Mathises have burdened three district courts and two courts of appeals with essentially identical and meritless claims against Friere and Friere's counsel. And even after having been warned by two courts to stop their vexatious

conduct, they continue to file spurious motions, thereby clogging dockets and wasting judicial resources.

Equally if not more troubling is the Mathises's treatment of Friere's employees and counsel. The Mathises have directly contacted Friere's employees despite Friere's counsel's repeated pleas for them not to do so and to instead direct all communications to counsel. *See, e.g.*, D.I. 51-3 at 3, 6, 40. Many of those communications have been threatening in nature. *See, e.g.*, D.I. 51-3 at 35 ("As an individual defendant under § 1983, you would be personally liable for compensatory and punitive damages. Your personal assets, including your home, savings, and retirement accounts, could be subject to judgment."); D.I. 51-3 at 65–66 ("I am contacting you personally, because there are things weighing heavily on my mind, and I really need to be straightforward with you about what's coming . . . . The independent study has been exposed as fraud by the officials here in Florida . . . . Please get a lawyer . . . Please!"); D.I. 51-3 at 68 ("Now there are complaints pending in three federal district courts. The FBI Civil Rights Division has been contacted. The Delaware Office of Disciplinary Counsel has an open file. The Pennsylvania Department of Education, the Delaware Department of Education, and the Philadelphia School District have been notified. Every email, every filing, every contradictory statement is being documented and preserved."); D.I. 51-3 at 70 ("[Y]ou should know: you are only creating more

evidence against yourself with every passing day. Every contradictory statement from [Friere's counsel]. Every day the records remain uncorrected. Every motion filed in bad faith it is all being preserved. This is not a call for settlement. It is an observation: you had every opportunity to do the right thing, and you refused. Now the consequences are unfolding, and they are of your own making.").

The Mathises have also threatened Friere's counsel and baselessly accused her of violating the Rules of Professional Conduct. *See, e.g.*, D.I. 51-3 at 24 ("[W]e have serious concerns under Delaware Rules of Professional Conduct 1.7, 1.13, and 4.3 regarding the procurement and use of Ms. Botwinik's declaration without ensuring she had independent legal counsel."); D.I. 51-3 at 32 ("[I]f you continue to coordinate litigation activities (such as obtaining declarations) from individuals you do not represent . . . I will have no choice but to file a bar complaint with the Delaware Office of Disciplinary Counsel."); D.I. 51-3 at 41 ("I am writing to provide you with notice that I intend to file a motion with the Court and a complaint with the Delaware Office of Disciplinary Counsel regarding serious ethical violations related to your representation in this matter."); D.I. 51-3 at 63 ("Please do not infringe upon my lawful right. This is my final warning to you."); D.I. 51-3 at 72 ("I write to ensure you—and the leadership of Kaufman Dolowich LLP—are fully aware of recent developments that bear directly on your personal and professional exposure, as well as the firm's.").

II.

Friere requests by its motion that I (1) enjoin the Mathises from making any further filings in this action and in any federal court without seeking leave of this Court to do so, (2) direct the Mathises to contact Friere and its representatives only through Friere's counsel, and (3) order the Mathises to pay for Friere's costs and expenses in drafting the sanctions motion and responding to the Mathises's "numerous, putative, serial, frivolous filings." D.I. 51-1 at 24.

The Due Process Clause "requires a federal court to provide notice and an opportunity to be heard before sanctions are imposed on a litigant" pursuant to the court's inherent authority. *Martin v. Brown*, 63 F.3d 1252, 1262 (3d Cir. 1995). When imposing sanctions, the court must "consider the conduct at issue and explain why the conduct warrants sanction." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 43 F.3d 65, 74 (3d Cir. 1994). And the court "must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate." *Id.* I will grant Friere's motion except insofar as it asks for an order directing the Mathises to pay Friere's costs and expenses.

*First*, the Mathises have been afforded both notice and an opportunity to be heard. Friere's motion provided the Mathises with particularized notice, as the motion details the Mathises's misconduct and sets forth the legal authority for me

to impose sanctions for that misconduct. D.I. 51-1. The Mathises had an opportunity to be heard and were heard through the omnibus motion they filed in opposition to the sanctions motion. D.I. 53. *Cf. Berger v. Hahnemann Univ. Hosp.*, 765 F. App'x 699, 704 (3d Cir. 2019) ("The right to be heard in the context of a motion to dismiss is satisfied where the plaintiff receives the opportunity to present legal arguments either orally, in writing, or both at the District Court's discretion.") (internal quotation marks and citation omitted).

*Second*, the Mathises's conduct warrants sanctions. Sanctions imposed pursuant to a court's inherent authority are proper when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 189 (3d Cir. 2002) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)). "Indications of . . . bad faith are findings that the claims advanced were meritless, that [the party] knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* at 188. The Mathises have acted in bad faith. They have harassed Friere, its counsel, and employees with threatening communications and dozens of baseless and vexatious court filings. And their pro se status "offers . . . no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse

already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

*Third*, in light of the Mathises's refusal to take heed of the warnings the Middle District Court and I gave them, prohibiting the Mathises from future court filings and from directly communicating with Friere's employees without leave of the Court is the least restrictive means to punish them and deter them from engaging in future misconduct. I will not impose a monetary fine or make the Mathises pay Friere's fees and costs at this juncture because the Mathises proceed *in forma pauperis*. That said, the Mathises are WARNED that if they violate this Memorandum Order in the future, they will subject themselves to contempt proceedings, and if they were to be found in contempt of court, they would be subject to fines and imprisonment.

None of the Mathises's arguments against sanctions are availing. They argue first that Federal Rule of Civil Procedure 11(c)(2)'s "mandatory safe harbor" required Friere to serve its sanctions motion on the Mathises before filing it with the Court. D.I. 53 at 3–5. But Friere does not seek sanctions under Rule 11, so the safe harbor does not apply here. The Mathises also argue that this Court lost jurisdiction of the case when the Mathises appealed it to the Third Circuit. D.I. 53 at 5–6. Even if this were true, jurisdiction returned to this Court when the Third Circuit dismissed the appeal. *See* D.I. 54; Fed. R. App. P. 12.1(b). And in any

event, "[i]t is well established . . . that a district court, after the entry of final judgment and the filing of a notice of appeal, retains the power to adjudicate collateral matters such as sanctions . . . ." *In re Schaefer Salt Recovery, Inc.*, 542 F.3d 90, 98 (3d Cir. 2008).

The Mathises next argue that they were never served with Friere's motion, and that, therefore, the motion did not comport with due process. D.I. 53 at 7–8. But this Memorandum Order and the omnibus motion the Mathises filed in opposition to the sanctions motion are proof that they had an opportunity to be heard and were heard. Finally, the Mathises argue that Friere's motion is moot because they withdrew the "motions [Friere] sought to sanction." D.I. 53 at 8, *see* D.I. 50. Friere's request for sanctions, however, is not confined to particular filings.

*****

NOW THEREFORE, at Wilmington on this Twenty-first Day of September in 2026, it is HEREBY ORDERED that:

1. Defendant Friere Charter School's Motion for Sanctions (D.I. 51) is GRANTED IN PART AND DENIED IN PART;
2. Plaintiffs DiWann Mathis and Marketa Mathis are ENJOINED from making any further filings in this action or in any United States District

Court against Friere, its employees, or its counsel, without first seeking leave of this Court; and

3. Plaintiffs are ORDERED not to contact Friere or its employees or representatives directly. Plaintiffs are FURTHER ORDERED that if they wish to communicate with Friere or an employee or agent of Friere, they must do so through Friere's counsel.

CHIEF JUDGE